■ PETER A. PRIOLA, III, Appellant, v SHEILA FALLON et al., Respondents. [984 NYS2d 528]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered October 29, 2012. The order granted the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this legal malpractice action, plaintiff appeals from an order granting defendants' motion for summary judgment dismissing the amended complaint on the ground that, inter alia, the action was time-barred. Plaintiff contends that Supreme Court erred in granting the motion because the statute of limitations was tolled by the continuous representation doctrine. We reject that contention. "A cause of action for legal malpractice accrues when the malpractice is committed" (*Elstein v Phillips Lytle, LLP*, 108 AD3d 1073, 1073 [2013] [internal quotation marks omitted]). Here, defendants established that any malpractice occurred, at the latest, in 2003 and thus made a prima facie showing that the action was time-barred (*see International Electron Devices [USA] LLC v Menter, Rudin & Trivelpiece, P.C.*, 71 AD3d 1512, 1512 [2010]). "The burden then shifted to plaintiff[ ] to raise a triable issue of fact

whether the statute of limitations was tolled by the continuous representation doctrine" (*id.*; *see Macaluso v Del Col*, 95 AD3d 959, 960 [2012]), and plaintiff failed to meet that burden inasmuch as he failed to present the requisite " 'clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney' " to toll the statute of limitations (*Kanter v Pieri*, 11 AD3d 912, 913 [2004]; *see Guerra Press, Inc. v Campbell & Parlato, LLP*, 17 AD3d 1031, 1032-1033 [2005]). In light of our determination, we do not address plaintiff's remaining contentions. Present—Smith, J.P., Peradotto, Sconiers and Valentino, JJ.